KOHRMAN JACKSON & KRANTZ LLP
ALEX E. JONES (*PHV Application to be submitted*)
aej@kjk.com
KYLE D. STROUP (*PHV Application to be submitted*)
kds@kjk.com
1375 East Ninth Street, 29th Floor
Cleveland, Ohio 44114
Telephone: (216) 696-8700
Facsimile: (216) 621-6536

JEFFER MANGELS BUTLER & MITCHELL LLP
ROD S. BERMAN (Bar No. 105444)
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308
Telephone: (310) 203-8080
Facsimile: (310) 203-0567

JEFFER MANGELS BUTLER & MITCHELL LLP
GREGORY S. CORDREY (Bar No. 190144)
gcordrey@jmbm.com
3 Park Plaza, Suite 1100
Irvine, California 92614-2592
Telephone: (949) 623-7200
Facsimile: (949) 623-7202

Attorneys for Plaintiff THERABODY, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| THERABODY, INC., <br><br> Plaintiff, <br><br> v. <br><br> E ZEE ELECTRONICS, INC., <br><br> Defendant. | Case No. 2:22-cv-01564 <br><br> **COMPLAINT FOR:** <br><br> **DECLARATORY RELIEF, UNFAIR COMPETITION, TORTIOUS INTERFERENCE, TRADEMARK INFRINGEMENT, TRADEMARK DILUTION, AND UNFAIR BUSINESS PRACTICES, CAL. BUS. & PROF. CODE § 17200 ET SEQ.** <br><br> **JURY DEMAND REQUESTED** |

*Jeffer Mangels
Butler & Mitchell LLP*

JMBM

Plaintiff Therabody, Inc. ("***Plaintiff***"), by and through counsel, for its Complaint against Defendant E ZEE Electronics, ("***Defendant***"), states as follows:

## INTRODUCTION

1.      Defendant is engaged in the unauthorized sale of materially different products under Plaintiff's brand name and using Plaintiff's trademarks.

2.      As a result of Defendant's unauthorized sales, Defendant is harming consumers and Plaintiff's business relationships, deceiving and misleading the consuming public, and violating Plaintiff's rights in its proprietary intellectual property.

3.      These unauthorized sales and infringing activities are illegal and have harmed, and will continue to harm, Plaintiff.

## PARTIES

4.      Plaintiff is a corporation organized under the laws of the State of Delaware with its principal place of business in California.

5.      Plaintiff designs, manufactures, and sells high-end percussive massage devices, wellness products, and accessories (collectively, the "***Products***").

6.      Defendant is a corporation purportedly formed under the laws of the State of California and headquartered in Los Angeles, California.

7.      Defendant sells the Products, without Plaintiff's authorization or consent, as a third-party seller on Amazon.com, Inc.'s ("***Amazon***") United States e-commerce platform (the "***Amazon Marketplace***") at the unique Amazon Marketplace storefront E ZEE ELECTRONICS, found here:

JMBM | Jeffer Mangels Butler & Mitchell LLP

https://www.amazon.com/s?me=A1LLZOUM6C4EQT&marketplaceID=ATVPDKIKX0DER (the "*Storefront*").

8.      Defendant is selling the Products and using Plaintiff's proprietary intellectual property in connection with such sales without Plaintiff's authorization or consent.

## JURISDICTION AND VENUE

9.      This Court has original subject matter jurisdiction over Plaintiff's trademark claims pursuant to 28 U.S.C. § 1338(a).

10.     This Court also has original subject matter jurisdiction over Plaintiff's unfair competition claims, pursuant to 28 U.S.C. § 1338(b) because they are joined with Plaintiff's substantial and related trademark claims.

11.     Pursuant to 28 U.S.C. § 1367, the Court has supplemental subject matter jurisdiction over Plaintiff's remaining claims because they form part of the same case or controversy as Plaintiff's trademark and unfair competition claims.

12.     This Court has general personal jurisdiction over Defendant because Defendant is a corporation formed and headquartered in the State of California.

13.     This Court has personal jurisdiction over Defendant because Defendant has shipped, sold and marketed the Products in California, in a manner that has harmed Plaintiff and violated its intellectual property rights.

14.     Defendant is subject to the Court's jurisdiction pursuant to Cal. Code Civ. Proc. § 410.10, as exercising such jurisdiction is not inconsistent with the Constitution of California or the United States.

15.     Defendant has sufficient minimum contacts with the State of California with respect to the subject matter of this action to satisfy Constitutional due process. As a result of Defendant's business activities directed to the state of California, Defendant could reasonably anticipate being brought into court in this forum.

JMBM | Jeffer Mangels Butler & Mitchell LLP

16.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides within this District.

## BACKGROUND

### *Plaintiff's Business*

17.    Plaintiff sells the Products bearing various trademarks validly registered with the United States Patent and Trademark Office, including Registration Numbers 52133141, 6206626, 6218258, 6126363, 6060204, 6126362, 6126360, 6030995, 6043917, 6081408, 6043891, 6120156, 6149774, 6120853 (collectively, the "*Trademarks*" and each, a "*Trademark*"), which are identified in the attached **Exhibit A**.

18.    Plaintiff sells the Products on the internet and through interstate commerce.

19.    Plaintiff has spent significant resources to develop, market, and protect the Trademarks.

20.    Plaintiff sells the Products on its United States website (https://www.therabody.com/us/en-us/home) (the "*Website*"), through select online retailers, on the Amazon Marketplace, and in traditional brick-and-mortar establishments.

21.    Plaintiff also sells to and through certain wholesalers and authorized resellers (each, an "*Authorized Reseller*" and collectively, the "*Authorized Resellers*").

22.    Plaintiff strives to ensure that consumers of its Products are receiving authentic Products from either Plaintiff itself or one of its reputable Authorized Resellers.

23.    As a result of these actions, Plaintiff has become an industry leader in the market, and the Products are synonymous with high-end, top-quality percussive massage devices.

### *The Growth of E-Commerce*

24.     The explosion of e-commerce websites, particularly the Amazon Marketplace, has created problems and challenges for manufacturers, brands, and authorized resellers, including Plaintiff.

25.     Plaintiff and other businesses must ensure that products sold are genuine, defect free, and come with all warranties in order to maintain, and continue building, their valuable goodwill and reputation.

26.     In this e-commerce age, unauthorized resellers can obtain products from a variety of sources and then sell products anonymously online.

27.     Many times, the products sold by unauthorized resellers may be materially different than those sold by the brands or authorized resellers.

28.     Specifically, unauthorized resellers may sell products without warranties, of an inferior quality, that are defective, and in violation of a business's rights in its intellectual property.

29.     Indeed, on the Amazon Marketplace, all sales of a particular product are sold under a unique Amazon Standard Identification Number ("***ASIN***") such that consumers do not know whether a product is sold by an unauthorized reseller or a legitimate reseller.

30.     Because the unauthorized resellers are able to sell without disclosing their identity, manufacturers and brands experience challenges in communicating with the unauthorized resellers to alert them of material differences.

31.     Ultimately, consumers are harmed as they unknowingly buy a materially different product compared to a legitimate product from the manufacturer.

### *Plaintiff's Warranty Policy*

32.     Plaintiff and its Authorized Resellers offer consumers an industry-leading warranty for the Products. (the "***Warranty***").

33. The Warranty is attached as **Exhibit B** and can be found online. *See* THERABODY, *Therabody Warranty* https://www.therabody.com/us/en-us/warranty-support//

34. Defendant cannot offer its customers the Warranty.

35. The Warranty makes clear that it is only given "to the individual purchaser of products *from Therabody or its authorized retailers and distributors*" (emphasis added). *Id.*

36. To obtain the Warranty protection, consumers must provide, among other things, proof of purchase of the Product. *Id.*

37. Plaintiff has taken further steps to notify the consuming public that only Products sold by Plaintiff or its Authorized Resellers come with the Warranty.

38. Indeed, the Website contains an entire page warning consumers of the potential pitfalls in purchasing from unauthorized resellers such as Defendant. *See* THERABODY, *Unauthorized Retailers*, https://www.therabody.com/us/en-us/therabody-unauthorized-retailers/

39. Plaintiff specifically states:

The Therabody Limited Warranty is only honored for Therabody Products purchased directly from Therabody or one of its authorized retailers. Sometimes Therabody Products are sold by unauthorized retailers. These goods are often not purchased from Therabody or from an authorized distributor. Instead they are acquired from a host of other sources without our authorization. Due to the nature of the goods sold by unauthorized dealers and their business practices, products sold by unauthorized dealers are not entitled to the benefits of the Therabody Limited Warranty. Therabody products sold by unauthorized dealers may be purchased on a secondary "gray" market and can be pirated goods not produced by Therabody, damaged, defective, refurbished, stolen and/or even counterfeit. *Id.*

40. Plaintiff has gone to great lengths to inform consumers about the issues associated with buying Products from Unauthorized Resellers; however, the nature

JMBM | Jeffer Mangels Butler & Mitchell LLP

of the Amazon Marketplace (as described above) allows Defendant to sell the Products to unsuspecting consumers who believe they are receiving a genuine Product, when in fact it is materially different than Products sold by Plaintiff or its Authorized Resellers.

41.     Plaintiff implemented its Warranty to protect its brand, goodwill, and valuable intellectual property, to maintain the integrity of its Products, and ultimately to protect and for the benefit of consumers.

42.     However, Plaintiff simply cannot warrant Products of an unknown origin.

43.     Unauthorized resellers will sell used, damaged, returned, repackaged, resealed, counterfeit, or knock-off Products as new, and because these sales are all without Plaintiff's knowledge or consent, Plaintiff has no way to verify the legitimacy of the Products.

44.     Similarly, Plaintiff cannot verify the source, authenticity, or legitimacy of Products sold by Defendant, and therefore Plaintiff cannot warrant such Products.

45.     As a result, all Products sold by Defendant are materially different than Products sold by Plaintiff as the Products sold by Defendant do not come with the Warranty.

46.     Additionally, Amazon requires that any goods sold as "New" come with the "Original manufacturer's warranty, if any." *See* AMAZON, *Marketplace*

*Items Condition Guidelines,*

(https://www.amazon.com/gp/help/customer/display.html?nodeId=201889720).

47.    Defendant lists the Products for sale as "New," under the Product's unique ASIN, but without Plaintiff's warranties.

48.    Unwitting consumers are then deceived into purchasing products that are materially different than the Product.

### *Authorized Reseller Contracts*

49.    When Plaintiff sells to Authorized Resellers, Plaintiff enters into contracts with the Authorized Reseller ("***Reseller Agreements***").

50.    Authorized Resellers may only sell the Products pursuant to a Reseller Agreement.

51.    Each Authorized Reseller agrees to be bound by Plaintiff's terms and conditions (the "***Terms and Conditions***").

52.    Plaintiff uses Reseller Agreements and the Terms and Conditions in order to promote fair competition between Authorized Resellers and to protect its brand, its goodwill, and its valuable intellectual property, including its proprietary images, designs, and the Trademarks.

53.    The Terms and Conditions limit Authorized Resellers' use of the Trademarks to avoid brand dilution, tarnishment, and confusion as to the origin of the Products.

54.    The Terms and Conditions also prohibit any Authorized Reseller from selling or otherwise distributing the Products to other resellers.

55.    Additionally, the Terms and Conditions establish a uniform pricing policy amongst Authorized Resellers, grant limited licenses for use of Plaintiff's proprietary intellectual property, including the Trademarks, and ensure that

Jeffer Mangels
Butler & Mitchell LLP

JMBM

1  Authorized Resellers are not disparaging Plaintiff's brand or using deceptive tactics

2  in advertising the Products, among other things.

3  56.  The Terms and Conditions also specify that the Warranty associated

4  with the Products are only valid through the Authorized Resellers and place certain

5  restrictions upon issuing the Warranty.

6  ***Defendant Sells the Products on the Amazon Marketplace Without Authorization***

7  57.  Since at least January 8, 2021, Plaintiff has been aware of Defendant's

8  unauthorized sale of materially different Products, which infringe on Plaintiff's

9  Trademarks and tarnish its brand.

10  58.  The Products sold by Defendant are materially different to those sold

11  by Plaintiff or Plaintiff's Authorized Resellers because Products sold by Defendant

12  come from an unknown origin and do not come with the Warranty.

13  59.  Plaintiff cannot honor warranty claims from Defendant's customers

14  related to the Products because of Defendant's status as an unauthorized reseller.

15  60.  Defendant is infringing on Plaintiff's rights when it sells Products as

16  genuine when, in fact, the Products sold are materially different.

17  61.  Proof of Defendant's sale of the Products is attached as **Exhibit C**.

18  62.  As a result of Defendant's sales, Plaintiff has twice notified Defendant

19  of Defendant's unauthorized sales and Defendant's violation of Plaintiff's rights in

20  the Trademarks, as evidenced by two cease-and-desist letters dated January 8, 2021,

21  and February 8, 2022, respectively, which are attached as **Exhibit D** (the "*Letters*").

22  63.  The Letters put Defendant on notice of Plaintiff's claims and requested

23  that Defendant cease such conduct immediately.

24  64.  In the Letters, Plaintiff requested that Defendant confirm in writing by

25  January 22, 2021, and February 17, 2022, respectively, that it would cease selling

26  the Products without authorization in violation of Plaintiff's Policies and rights in

27  the Trademarks.

28  65.  Defendant failed to respond to the Letters whatsoever.

66.     As of the date of this filing, Defendant has not agreed to cease and desist from selling the Products and infringing upon Plaintiff's rights in the Trademarks.

67.     However, Defendant appears to have stopped selling the Products on the Amazon Marketplace.

68.     Defendant's unauthorized sales and violations of Plaintiff's rights in the Trademarks harms Plaintiff and its Authorized Resellers and misleads consumers.

69.     Accordingly, Plaintiff initiated this action.

<u>**Count One**</u>

**Declaratory Judgment/Injunctive Relief**

70.     Plaintiff incorporates each and every preceding paragraph as if fully restated herein.

71.     An actual and justiciable controversy exists between Plaintiff and Defendant related to whether Defendant has the right to sell the Products without Plaintiff's consent and in violation of Plaintiff's rights in the Trademarks.

72.     The Court, pursuant to Cal. Code of Civ. P. §1060, Cal. Bus. & Prof. Code §17203 and §14250, 28 U.S.C. §2201, and Fed. R. Civ. P. 57, should declare that Defendant has no right or authorization to sell the Products, or use the Trademarks, as these actions have harmed and continue to harm Plaintiff in an amount to be determined at trial.

73.     The Court should further declare that the Letters gave Defendant actual notice that it was not authorized to use the Trademarks, and any continued use of the Trademarks or unauthorized sales of the Products constitutes willful violations of Plaintiff's rights in the Trademarks.

74.     Such a declaration is proper, pursuant to Cal. Code of Civ. P. §1060, Cal. Bus. & Prof. Code §17203 and §14250, and 28 U.S.C. §2201, because the declaration would terminate the actual and justiciable controversy between Plaintiff and Defendant and remove any uncertainty with respect to this issue.

75.    Additionally, the Court should enjoin Defendant from any further sales of the Products and use of the Trademarks.

## Count Two

## Common Law Unfair Competition § 14259

76.    Plaintiff incorporates each and every preceding paragraph as if fully restated herein.

77.    Defendant's actions, including, but not limited to, its unauthorized sale of the Products and its unauthorized use of the Trademarks, constitute unfair competition.

78.    Defendant's actions have damaged Plaintiff in the form of, *inter alia*, lost sales, interference with current and prospective business relationships, trademark infringement, trademark dilution, and tarnishment of Plaintiff's brand, goodwill, and reputation.

79.    As a direct and proximate cause of Defendant's conduct, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

## Count Three

## Tortious Interference with Business Relationships

80.    Plaintiff incorporates each and every preceding paragraph as if fully restated herein.

81.    The Reseller Agreements are valid binding contracts between Plaintiff and each Authorized Reseller.

82.    The Terms and Conditions are valid binding contracts between Plaintiff and each Authorized Reseller.

83.    At least since receiving the Letters, Defendant has been aware of these contracts and Defendant's interference with Plaintiff's Authorized Resellers.

84.    Despite this knowledge, Defendant sold the Products on the Amazon Marketplace, which, *inter alia*, harmed Plaintiff's relationships with its Authorized Resellers and future Authorized Resellers.

85. Defendant improperly interfered with Plaintiff's relationships with its Authorized Resellers.

86. As a direct and proximate cause of Defendant's interference, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

### Count Four

### Trademark Infringement (15 U.S.C. § 1114)

87. Plaintiff incorporates each and every preceding paragraph as if fully restated herein.

88. Plaintiff is the owner of the Trademarks.

89. The Trademarks are valid and subsisting marks, in full force and effect, and registered with the United States Patent and Trademark Office.

90. Defendant uses the Trademarks in connection with its sale of the Products without Plaintiff's authorization or consent.

91. The Products sold by Defendant bearing the Trademarks do not come with Plaintiff's Warranty. *See* Ex. B.

92. Because the Products sold by Defendant do not have the Warranty, these Products are not genuine and are materially different from Products sold by Plaintiff or Authorized Resellers.

93. Defendant's unauthorized sale of the Products bearing the Trademarks has infringed on, and damages the value of, the Trademarks.

94. Defendant's use of the Trademarks is likely to cause confusion, cause mistake, or deceive customers because it suggests that the Products sold by Defendant come with the Warranty, in fact, they do not.

95. Confusion is more likely given that Defendant lists the Products as "New" despite it being a violation of Amazon's Marketplace Items Condition Guidelines to list an item as "New" when it does not come with the manufacturer's warranty as is the case with Defendant's sale of the Products.

96.     Defendant's use of the Trademarks is likely to cause confusion, cause mistake, or deceive customers because it suggests that the Products are sponsored by or authorized for sale by Plaintiff, when, in fact, they are not.

97.     Defendant informed Plaintiff that its sales of the Products infringed on Plaintiff's rights in the Trademarks.

98.     As a direct and proximate result of Defendant's sale of the Products bearing the Trademarks, Plaintiff has suffered and continues to suffer immediate and irreparable harm, including harm to the reputation and goodwill of its business and loss of profits in an amount to be proven at trial.

99.     Plaintiff is entitled to recover damages from Defendant's infringement and disgorgement of any profits from Defendant's infringing sales of the Products.

100.    Plaintiff is further entitled to injunctive relief pursuant to 15 U.S.C. §1116 and increased damages pursuant to 15 U.S.C § 1117(a) because Defendant's infringement of the Trademarks is willful.

## Count Five

### Unfair Competition (15 U.S.C. § 1125(a))

101.    Plaintiff incorporates each and every preceding paragraph as if fully restated herein.

102.    Plaintiff is the owner of the Trademarks.

103.    The Trademarks are valid and subsisting marks, in full force and effect, and registered with the United States Patent and Trademark Office.

104.    Defendant uses the Trademarks in connection with its sale of the Products without Plaintiff's authorization or consent.

105.    The Products sold by Defendant are materially different than genuine Products sold by Plaintiff because Defendant's Products do not come with Plaintiff's Warranty.

106.   Defendant's use of the Trademarks is likely to cause confusion, cause mistake, or deceive customers because it suggests that the Products sold by Defendant come with Plaintiff's consumer warranty when, in fact, they do not.

107.   Confusion is more likely given that Defendant lists the Products as "New" despite it being a violation of Amazon's Marketplace Items Condition Guidelines to list an item as "New" when it does not come with the manufacturer's warranty as is the case with Defendant's sale of the Products.

108.   Defendant's use of the Trademarks is likely to cause confusion, cause mistake, or deceive customers because it suggests that the Products are sponsored by or authorized for sale by Plaintiff, when, in fact, they are not.

109.   Defendant's unauthorized sale of the Products bearing the Trademarks has infringed on and damages the value of the Trademarks.

110.   Defendant informed Plaintiff that its sales of the Products infringed on Plaintiff's rights in the Trademarks.

111.   As a direct and proximate result of Defendant's sale of the Products bearing the Trademarks, Plaintiff has suffered and continues to suffer immediate and irreparable harm, including harm to the reputation and goodwill of its business and loss of profits in an amount to be proven at trial.

112.   Plaintiff is entitled to recover damages from Defendant's infringement of the Trademarks and disgorgement of any profits from Defendant's infringing sales of the Products.

113.   Plaintiff is further entitled to injunctive relief pursuant to 15 U.S.C. §1116 and increased damages pursuant to 15 U.S.C § 1117(a) because Defendant's infringement of the Trademarks is willful.

## **Count Six**

### **Trademark Dilution (15 U.S.C. § 1125(c))**

114.   Plaintiff incorporates each and every preceding paragraph as if fully restated herein.

115.   Plaintiff is the owner of the Trademarks.

116.   The Trademarks are valid and subsisting marks, in full force and effect, and registered with the United States Patent and Trademark Office.

117.   Plaintiff has continuously used the Trademarks in commerce and has spent considerable sums in time and money to promote and advertise its Products using the Trademarks.

118.   Plaintiff sells the Products bearing the Trademarks throughout the United States.

119.   Customers have come to associate the Trademarks with Plaintiff and the Products.

120.   Customers associate the Trademarks with high-end, top quality percussive massage devices.

121.   Defendant is using the Trademarks in connection with the sale of the Products.

122.   However, the Products sold by Defendant are materially different than genuine Products sold by Plaintiff because Defendant's Products do not come with Plaintiff's consumer warranty.

123.   Because Defendant is selling an inferior product, Defendant's use of the Trademarks is causing the dilution of the Trademarks by blurring and tarnishing the reputation and goodwill associated with the Trademarks in violation of 15 U.S.C. § 1125(c).

124.   As a direct and proximate result of Defendant's sale of the Products bearing the Trademarks, Plaintiff has suffered and continues to suffer immediate and irreparable harm, including harm to the reputation and goodwill of its business and loss of profits in an amount to be proven at trial.

125.   Plaintiff is entitled to recover damages from Defendant's infringement of the Trademarks and disgorgement of any profits from Defendant's infringing sales of the Products.

Jeffer Mangels
Butler & Mitchell LLP
JMBM

126.   Plaintiff is further entitled to injunctive relief pursuant to 15 U.S.C. §1116 and increased damages pursuant to 15 U.S.C § 1117(a) because Defendant's infringement of the Trademarks is willful.

### Count Seven

### Violation of §§ 17200 et seq.

127.   Plaintiff hereby incorporates each and every preceding paragraph as if fully restated herein.

128.   Defendant has knowingly sold and advertised the Products using the Trademarks, without Plaintiff's authorization or consent.

129.   The Products sold by Defendant are materially different than genuine Products sold by Plaintiff because Defendant's Products do not come with Plaintiff's consumer warranty, and upon information and belief, Defendant does not abide by Plaintiff's quality controls, and Defendant does not offer the necessary level of customer service to consumers.

130.   As a result, Defendant is misrepresenting to consumers the Products that it is selling.

131.   Defendant's use of the Trademarks is likely to cause confusion, cause mistake, or deceive consumers because it suggests that the Products sold by Defendant come with Plaintiff's consumer warranty and have been handled in accordance with Plaintiff's quality controls when, in fact, they do not.

132.   Defendant's use of the Trademarks is likely to cause confusion, cause mistake, or deceive consumers because it suggests that the Products are sponsored by or authorized for sale by Plaintiff, when, in fact, they are not.

133.   Defendant's conduct is unfair, unlawful, deceptive, and/or fraudulent and violates Cal. Bus. & Prof. Code §§ 17200 et seq.

134.   As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer immediate and irreparable harms, including harm to

1   the reputation and goodwill of its business and loss of profits in an amount to be

2   proven at trial.

3        135.   Plaintiffs are also entitled to an injunction under Cal. Bus. & Prof.

4   Code § 17203.

### Count Eight

### Violation of § 14247

7        136.   Plaintiff hereby incorporates each and every preceding paragraph as if

8   fully restated herein.

9        137.   Plaintiff is the owner of the Trademarks.

10        138.   Plaintiff has continuously used the Trademarks in commerce and has

11   spent considerable sums in time and money to promote and advertise its Products

12   using the Trademarks, in California and throughout the United States.

13        139.   Plaintiff sells the Products bearing the Trademarks in California and

14   throughout the United States.

15        140.   Consumers have come to associate the Trademarks with Plaintiff and

16   the Products, and the Trademarks have become well known and distinctive in

17   California and the United Sates.

18        141.   Consumers associate the Trademarks with high quality percussive

19   massage devices, wellness products, and accessories.

20        142.   Defendant is using the Trademarks in connection with the sale of the

21   Products, in violation of Cal. Bus. & Prof. Code §14247.

22        143.   As a direct and proximate result of Defendant's sale of the Products

23   bearing the Trademarks, Plaintiff has suffered and continues to suffer immediate and

24   irreparable harm, including harm to the reputation and goodwill of its business and

25   loss of profits in an amount to be proven at trial.

26        144.   Plaintiff is entitled to injunctive relief due to Defendant's willful

27   actions under Cal. Bus. & Prof. Code §14250.

28

JMBM Jeffer Mangels Butler & Mitchell LLP

**WHEREFORE,** Plaintiff prays for judgment as follows:

A.     As to Count One, a declaratory judgment declaring that Defendant is not authorized to sell the Products and is willfully violating Plaintiff's rights in the Trademarks, and permanently enjoin Defendant from any further sales of the Products;

B.     As to Count Two, award compensatory damages in an amount to be determined at trial, as well as attorney fees and costs, disgorge Defendant of its profits from all unauthorized sales of the Products, and permanently enjoin Defendant from using the Trademarks or selling or offering for sale the Products;

C.     As to Count Three, award compensatory damages in an amount to be determined at trial, as well as attorney fees and costs, disgorge Defendant of its profits from all unauthorized sales of the Products, permanently enjoin Defendant from using the Trademarks or selling or offering for sale the Products, and permanently enjoin Defendant from interfering with Plaintiff's current and prospective relationships with its Authorized Resellers by further selling the Products;

D.     As to Count Four, award compensatory damages in an amount to be determined at trial, as well as attorney fees and costs, disgorge Defendant of its profits from all unauthorized sales of the Products, and permanently enjoin Defendant from using the Trademarks or selling or offering for sale the Products;

E.     As to Count Five, award compensatory damages in an amount to be determined at trial, as well as attorney fees and costs, disgorge Defendant of its profits from all unauthorized sales of the Products, and permanently enjoin Defendant from using the Trademarks or selling or offering for sale the Products;

F.     As to Count Six, award compensatory damages in an amount to be determined at trial, as well as attorney fees and costs, disgorge Defendant of its profits from all unauthorized sales of the Products, and permanently enjoin Defendant from using the Trademarks or selling or offering for sale the Products;

G.      As to Count Seven, award compensatory damages in an amount to be determined at trial, but in excess of $25,000, as well as attorney fees and costs, disgorge Defendant of its profits from all unauthorized sales of the Products, and permanently enjoin Defendant from selling the Products pursuant to Cal. Bus. & Prof. Code § 17203; and

H.      As to Count Eight, award compensatory damages in an amount to be determined at trial, but in excess of $25,000, as well as attorney fees and costs, disgorge Defendant of its profits from all unauthorized sales of the Products, and permanently enjoin Defendant from selling the Products, along with an award of treble damages pursuant to Cal. Bus. & Prof. Code § 14250; and

All other relief that this Court may find just and proper.

1 | DATED:  March 8, 2022

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JEFFER MANGELS BUTLER &
MITCHELL LLP
GREGORY S. CORDREY
ROD S. BERMAN


By: _____/s/ Gregory S. Cordrey_____
            GREGORY S. CORDREY

                    and

KOHRMAN JACKSON & KRANTZ LLP
ALEX E. JONES (*PHV Application to be submitted*)
aej@kjk.com
KYLE D. STROUP (*PHV Application to be submitted*)
kds@kjk.com
1375 East Ninth Street, 29th Floor
Cleveland, Ohio 44114
Telephone: (216) 696-8700
Facsimile: (216) 621-6536

Attorneys for Plaintiff
THERABODY, INC.

JMBM | Jeffer Mangels Butler & Mitchell LLP

## JURY DEMAND

Plaintiff respectfully demands a trial by jury pursuant to Fed. R. Civ. P. 38.

DATED:  March 8, 2022

JEFFER MANGELS BUTLER &
MITCHELL LLP
GREGORY S. CORDREY
ROD S. BERMAN


By:      /s/ Gregory S. Cordrey
               GREGORY S. CORDREY

                    and

KOHRMAN JACKSON & KRANTZ LLP
ALEX E. JONES (*PHV Application to be
submitted*)
*aej@kjk.com*
KYLE D. STROUP (*PHV Application to
be submitted*)
*kds@kjk.com*
1375 East Ninth Street, 29th Floor
Cleveland, Ohio 44114
Telephone: (216) 696-8700
Facsimile: (216) 621-6536

Attorneys for Plaintiff
THERABODY, INC.